> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2011[*]
Decided July 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3854

| | |
|---|---|
| RONALD LEVI, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-3304 |
| | |
| BRIAN THOMAS, | Harold A. Baker, |
| *Defendant-Appellee*. | *Judge*. |

### O R D E R

Ronald Levi, a civilly committed sex offender at an Illinois state institution, appeals the grant of summary judgment for the institution's staff members in his suit under 42 U.S.C. § 1983, claiming retaliation and violations of due process. We affirm.

Levi is confined at the Rushville Treatment and Detention Facility under the Sexually Violent Persons Commitment Act, 725 ILCS 207/1. Defendant Brian Thomas was the acting

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

security director at Rushville from April 2007 to October 2007. In July 2007 Levi was found guilty by a prison disciplinary committee of "staff manipulation"—a so-called "major violation"—by lying to a security officer over his need for larger ankle cuffs used for side-by-side restraint. Levi's punishment was a drop in "management status," which reduced the amount of personal property he was allowed to possess. Another consequence of the violation was that Levi became subject to a facility policy requiring that he wear "black box" handcuffs on all trips outside the institution.  The "black box" is a plastic rectangular device placed over the chain that connects the handcuffs, thereby restricting hand movement and reducing access to the handcuffs' keyholes. *Miller v. Dobier*, 634 F.3d 412, 414 (7th Cir. 2011). Levi's grievance appealing the committee's decision was later rejected by Thomas. Over the next year, Levi claims that he had to wear the black box for at least 12 off-site trips to the courthouse, with each trip lasting about 10 to 12 hours.

In November 2007 Levi sued Thomas and seven other Rushville employees. He claimed that the disciplinary committee did not provide adequate procedural protections before disciplining him, that the discipline was really retaliation for two previous lawsuits he had filed against other Rushville staff members, and that the black box restraint violated his substantive due process rights.

After further proceedings (in which one defendant was dismissed and discovery undertaken), the district court granted summary judgment for defendants in part, finding that Levi had proffered no evidence that defendants were motivated by retaliation and that the discipline imposed was not severe enough to trigger procedural due process protections. The court did not, however, grant summary judgment to Thomas on Levi's substantive due process claim on the theory that Thomas may have failed to exercise professional judgment in applying the black box policy to Levi, given that Levi's "major violation" was simply dishonesty. The court directed Thomas to file a supplementary motion for summary judgment, which the court later granted on grounds of qualified immunity. While still concluding that Thomas' professional judgment in applying the black box policy to Levi was questionable, the court found that Levi had not shown that a detainee's right to be transported outside a facility without a black box restraint was clearly established; as such Thomas did not "knowingly violate the law."

On appeal Levi challenges the district court's rulings on both his substantive and procedural due process claims. Levi contends that the scope of his constitutional rights is defined by 59 Ill. Admin. Code § 299, which regulates civil commitment facilities for sexually violent persons. He argues that Rushville staff did not comply with § 299 when they imposed the black box discipline without observing several procedural and substantive protections; among them, that the disciplinary committee did not afford him adequate opportunity to present exculpatory evidence, that the committee erroneously

determined that his offense of lying was a "major rule violation," and that Thomas disregarded grievance procedures in handling his appeal.

Neither Levi's procedural due process claim nor his substantive due process has merit because he cannot establish a protected liberty interest. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1029-30 (9th Cir. 2010); *Omosegbon v. Wells*, 335 F.3d 668, 674-75 (7th Cir. 2003). As an initial matter, Levi may not rely on state rules and regulations to define the scope of his federal due process rights. *See Boyd v. Owen*, 481 F.3d 520, 524 (7th Cir. 2007); *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003). More significantly, in *Miller*, we decided on similar facts that imposing the black box restraint did not trigger procedural due process protection. *Miller*, 634 F.3d at 414-15. *Miller* involved another Rushville civil detainee who brought a procedural due process challenge to the disciplinary process that resulted in the reduction of his management status and the imposition of the same black box policy. *Id*. at 413-14. We stated there that "[d]isciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause . . . and this regardless of whether the confinement is criminal or civil." *Id*. at 414-15; *see also Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Wilson-El v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008) ("liberty interests are implicated only if the state imposes an 'atypical, significant deprivation'"); *Allison*, 332 F.3d at 1079. Consistent with *Miller*, we conclude that the black box restraint as applied to Levi—imposed only on detainees who were found to have committed major rule violations and when transported off-site—does not pose an atypical or significant hardship; rather it constitutes an "additional restriction[] . . . too limited to amount to a deprivation of constitutional liberty." *Miller*, 634 F.3d at 414-15; *see also Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002).

Levi's substantive due process claim derives from the same alleged deprivation of freedom as his procedural due process claim, namely the use of the black box restraint as a form of discipline. But as discussed above, the black box restraint does not affect any protected liberty interest; Levi's substantive due process claim must therefore likewise fail. *See Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997); *Idris v. City of Chicago, Ill.*, 552 F.3d 564, 565-66 (7th Cir. 2009); *Grinter v. Knight*, 532 F.3d 567, 573-75 (6th Cir. 2008). Even though the district court reasoned that qualified immunity protected Thomas against Levi's substantive due process claim, resort to immunity is unnecessary where as here no liberty interest was affected. *See Allison*, 332 F.3d at 1079.

AFFIRMED.